UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ITZHAK SIMON PINTEL,

                Plaintiff,

v.

71st PRECINCT NYPD,

                Defendant.

**MEMORANDUM & ORDER**
17-CV-3862 (MKB)

---

MARGO K. BRODIE, United States District Judge:

Plaintiff Itzhak Simon Pintel, proceeding *pro se*, commenced the above-captioned action on June 22, 2017 against Defendant 71st Precinct of the New York City Police Department ("NYPD"), alleging that the 71st Precinct and its personnel conducted a deficient investigation in connection with the theft of Plaintiff's personal property. (Compl., Docket Entry No. 1.) Plaintiff seeks damages and an order directing Defendant to "protect the residents, no politics involved." (*Id.* at 8.)[1] The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint.

**I. Background**

The Court assumes the truth of the allegations in the Complaint for the purpose of this Memorandum and Order. Plaintiff alleges that on June 3, 2017, two sets of Tefillin, a "very expensive religi[ous] [item]" valued at "thousands [of] dollars" and a gift from his father, were

---

[1] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

stolen from "the synagogue."[2] (Compl. 6.) Officers from the NYPD's 71st Precinct (the "71st Precinct") responded and prepared a police report. (*Id.*) The next day, Plaintiff was called to the 71st Precinct and told that there "is nothing to do, because [the officers] need [a] court order to see the cameras, and [until] they . . . get the order," they are unable to investigate. (*Id.*)

On June 14, 2017, Plaintiff complained to a supervisor at the 71st Precinct, who referred Plaintiff to Detective Daniel Oh. (*Id.*) On June 15, 2017, before Plaintiff was to meet with Oh at the synagogue, Plaintiff was approached at the synagogue by a "regular orthodox man" named Mendy Kolsky who stated that "he is a friend of the detective." (*Id.*) When Oh arrived, he told Plaintiff that he had to "deal with" Kolsky. (*Id.*) Kolsky then asked Plaintiff for a "hard disc [sic] to transfer the video onto, but [Kolsky] stole [Plaintiff's] hard disk." (*Id.*) According to Plaintiff, "[M]endy [K]olsky is a member of [the] Jewish community" and a "political man that hates the group that [Plaintiff] . . . belongs to." (*Id.*) Plaintiff alleges that Oh failed to conduct a proper investigation, and improperly gave a "legal role[]" to "ordinary people who are involved in politics." (*Id.*) Plaintiff later tried to contact Oh regarding the investigation, but received no response. (*Id.*)

Plaintiff alleges that the 71st Precinct was negligent and is liable "for the insecurity they provide to the resident[s] of [C]rown [H]eight[s]." (*Id.*) Plaintiff seeks $1,000,000 in damages and an order directing the 71st Precinct to "protect the residents, no politics involved." (*Id.* at 8.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its

---

[2] Plaintiff does not specify the name or location of the synagogue, but states that he is a student at the Yeshiva located at 770 Eastern Parkway in Brooklyn, New York. (Compl. 6.)

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

### b. Plaintiff cannot assert a claim against the NYPD's 71st Precinct

Plaintiff's claim against the 71st Precinct of the NYPD fails because the NYPD is not a suable entity. Section 396 of the New York City Charter provides that "[a]ll actions and

3

proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter, chap. 17 § 396. This provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam). Because the 71st Precinct is a subdivision of the New York City Police Department, which is an agency of the City of New York, the 71st Precinct is not amenable to suit. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Morris v. N.Y.C. Police Dep't*, 59 F. App'x 421, 422 (2d Cir. 2003) (affirming dismissal of claims asserted against the NYPD due to non-suable-entity status). Any action against the 71st Precinct must be brought against the City of New York. Accordingly, the Court dismisses Plaintiff's claim against the 71st Precinct.

### c. Plaintiff fails to state a claim against Oh, Mjeshtri and Martinos

In light of Plaintiff's *pro se* status, the Court construes Plaintiff's allegations as asserting a section 1983 claim against Oh, Mjeshtri and Martinos.[3] However, for the reasons discussed below, Plaintiff fails to state a claim against any of the three individuals.

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting

---

[3] The Complaint does not include the first names of Mjeshtri and Martinos. In addition, in the Complaint, Plaintiff's description of the basis of his claim focuses on Oh's conduct. Plaintiff makes no mention of any conduct by Mjeshtri and Martinos but Plaintiff includes their last names and badge numbers in the Complaint and suggests that he has filed a complaint against all three officers with NYPD Internal Affairs. (Compl. 7, Docket Entry No. 1.)

42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted).

Here, Plaintiff has not alleged that Oh, Mjeshtri or Martinos engaged in any conduct that violated rights guaranteed by federal or constitutional law. Plaintiff alleges that Defendants conducted a "negligent" investigation of the theft of his Tefillin. (Compl. 6.) However, citizens do not have a constitutional right to an adequate police investigation. *See Harrington v. Cty. of Suffolk*, 607 F.3d 31, 34 (2d Cir. 2010) (holding that there is no due process right to an adequate police investigation); *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 388 (E.D.N.Y. 2013) (same); *Stokes v. City of New York*, No. 05-CV-0007, 2007 WL 1300983, at *6 (E.D.N.Y. May 3, 2007) ("[I]t is well-settled that there is no independent claim for a police officer's purported failure to investigate."); *Laupot v. City of New York,* No. 01-CV-3294, 2002 WL 83673, at *2 (S.D.N.Y. Jan. 18, 2002) (dismissing a plaintiff's claim against the City of New York for the NYPD's failure to investigate individual noise complaints and allegations of harassment). Moreover, Plaintiff's allegations that the investigation was improper because Kolsky was given a "legal role[]," (Compl. 6), fail for the same reason. The officers' alleged conduct in connection with the investigation of Plaintiff's stolen property does not implicate a federal right, and thus does not state a claim under section 1983. *See Terry v. Cty. of Suffolk*, 654 F. App'x 5, 7 (2d Cir. 2016) (affirming dismissal of claims against various government employees who "were aware of the unlawful police force but failed to take action" because of a lack of a "judicially cognizable interest in the prosecution or nonprosecution of another" (quoting *Linda R.S. v. Richard D.*, 410

5

U.S. 614, 619 (1973))); *Martinez v. Cty. of Suffolk*, 999 F. Supp. 2d 424, 430 (E.D.N.Y. 2014) ("Indeed, courts in the Second Circuit have long held that an individual has no constitutionally protected right to an investigation by government officials of alleged wrongdoing by other government officials." (quoting *Hayes v. Cty. of Sullivan*, 853 F. Supp. 2d 400, 433 (S.D.N.Y. 2012))); *Paige v. City of New York*, No. 10-CV-5469, 2011 WL 65667, at *4 (E.D.N.Y. Jan. 7, 2011) ("A private citizen does not have a constitutional right to compel the initiation of criminal proceedings." (alterations and citations omitted)); *Stokes*, 2007 WL 1300983, at *6 (finding that allegations related to police investigations do not act as stand-alone claims under section 1983 but "are considered, to the extent they are relevant, within the framework of claims for false arrest, false imprisonment, or malicious prosecution" (citations omitted)). The Court therefore dismisses Plaintiff's claims against Oh, Mjeshtri and Martinos for failure to state a claim under section 1983.

### III. Conclusion

For the foregoing reasons, the Court dismisses Plaintiff's Complaint in its entirety for failure to state a claim on which relief may be granted. The Court grants Plaintiff leave to amend the Complaint within sixty (60) days of this Memorandum and Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: January 23, 2018
      Brooklyn, New York